**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JONATHAN RICHARD LEE, | Case No. 26-CV-1785 (JMB/JFD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Petitioner Jonathan Richard Lee is currently being prosecuted in three separate state-court criminal proceedings on misdemeanor charges of having violated a restraining order and, in one instance, having obstructed legal process. *See State of Minnesota v. Lee*, Nos. 73-CR-25-5975, 73-CR-25-6288, and 73-CR-25-9376 (Minn. Dist. Ct.); (Pet. at 2, Dkt. No. 1 (listing cases)). Mr. Lee has filed a petition for a writ of habeas corpus challenging those ongoing criminal prosecutions, partly on the grounds that his conduct did not violate state law, and partly on the grounds that his constitutional rights have been violated during the course of the prosecutions.

Because Mr. Lee is not in custody pursuant to a state-court judgment, his habeas petition is not brought under 28 U.S.C. § 2254, but the habeas petition is nevertheless subject to the Rules Governing Section 2254 Cases in the United States District Courts. *See* Rule 1(b), Rules Governing Section 2254 Cases. Rule 4 of those Rules requires the Court to conduct a preliminary review of the habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

1

court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because it is clear that Mr. Lee is not entitled to habeas relief, the Court recommends that his habeas petition be denied and that this case be dismissed.

Although the statute authorizing federal district courts to issue writs of habeas corpus, 28 U.S.C. § 2241, does not itself require that a habeas petitioner first exhaust alternative remedies available in state court, "federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241." *Olson v. Washington County*, No. 12-CV-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases). "State courts, like federal courts, are empowered to vindicate the federal constitutional rights of criminal defendants, and nearly always, defendants proceeding in state court must afford the state courts an opportunity to adjudicate any claims of federal constitutional violations before presenting those claims to a federal court." *Palmer v. State of Minnesota*, No. 25-CV-1148 (PAM/SGE), 2025 WL 1426815, at *1 (D. Minn. Apr. 16, 2025). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974). "This requirement of fair-presentment of claims generally requires appellate exhaustion of those claims, which in turn requires that judgment be entered in the state-court prosecution—meaning, ultimately, that state pretrial detainees usually cannot seek federal habeas relief until after

they have been convicted (or, put another way, until after they have ceased being pretrial detainees)." *Abdikarim v. State*, No. 24-CV-2013 (NEB/LIB), 2024 WL 3557772, at *2 (D. Minn. June 17, 2024).

The claims raised in Mr. Lee's habeas petition—with only one exception, discussed below—are not an exception to this usual exhaustion requirement. Mr. Lee can argue, and is arguing, in the state courts that he did not commit the offenses that he has been accused of committing; that he should have been given warnings at the time of his arrest pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966); and that the prosecution is otherwise being conducted in a manner inconsistent with his federal constitutional rights. If the state trial court rejects those arguments and Mr. Lee is found guilty of the crimes with which he has been charged, then Mr. Lee may seek appellate review of his claims in the Minnesota appellate courts. Not until that process has been completed may Mr. Lee, if necessary, procure federal habeas relief.

Only one aspect of Mr. Lee's habeas petition requires further elaboration. On page 4 of his habeas petition, Mr. Lee states that "I have rose my issues of double jeopardy and not gotten anywhere with my petitions requesting, and have been requesting the block burger test." (Pet. at 4 (sic throughout).) Claims of double jeopardy violations are an exception to the usual requirement of post-judgment exhaustion. *See Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992). Exhaustion of remedies, however, is not the only requirement of a habeas petitioner, who must also state the facts supporting each ground for relief that he asserts. *See* Rule 2(c)(2), Rules Governing Section 2254 Cases. Mr. Lee's habeas petition fails to set forth factual allegations supporting his claim that one or more

3

of the ongoing prosecutions against him have resulted in him being placed in double jeopardy.[1] Without such allegations, that claim cannot go forward, either.

Accordingly, Mr. Lee's habeas petition should be denied and this matter dismissed. Only two further matters merit brief comment. First, because the undersigned recommends that the habeas petition be summarily denied, Mr. Lee's pending application to proceed *in forma pauperis* should be denied as well. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009) (holding that state-pretrial detainees must procure a COA to appeal a final habeas order). This Court does not believe that "jurists of reason would find it debatable whether the district court was correct" if this matter were to be dismissed on the grounds recommended above. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is therefore recommended that Mr. Lee not be granted a COA.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

---

[1] Mr. Lee alleges that the message that led to the second criminal proceeding against him was too cursory or innocuous to amount to violation of a restraining order. (*See* Pet. at 8.) That the alleged conduct may or may not be sufficient to support criminal charges, however, is not an argument founded on double jeopardy.

1. The petition for a writ of habeas corpus of Petitioner Jonathan Richard Lee (Dkt. No. 1) be **DENIED**;

2. This matter be **DISMISSED**;

3. The application to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**; and

4. Mr. Lee not be issued a certificate of appealability.

Dated: March 16, 2026                     _s/ John F. Docherty_____
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).